UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

                    **Plaintiff,**

v.

NICHOLAS TOMS,

                    **Defendant.**

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION COMPLAINT FOR ENFORCEMENT OF COMMISSION ORDER AGAINST DEFENDANT NICHOLAS TOMS

Plaintiff Securities and Exchange Commission (the "Commission") states as and for its Complaint against the Defendant Nicholas Toms ("Toms") as follows:

## INTRODUCTION

1. The Commission seeks by this action to enforce the final order entered by the Commission against Toms by consent on October 19, 2015 (the "Commission Order") which, in part, required Toms to pay disgorgement of $85,918, representing profits gained by Toms' conduct described in the Commission Order, prejudgment interest to the date of the Commission Order of $16,853.40, and a civil money penalty of $175,000. In addition, as Toms failed to pay these amounts within 10 days of the Commission Order, he owes additional prejudgment interest from the date of the Commission Order on disgorgement and interest pursuant to 31 U.S.C. § 3717 on the civil money penalty.

2. The Commission brings this action pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1), to enforce the Commission

Order requiring Toms to pay disgorgement, prejudgment interest, and a civil money penalty as Toms has not complied with the Commission Order and has failed, refused, and neglected to pay these amounts.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street (Brookfield Place), Room 400, New York, New York 10281-1022.

4. Toms, age 67, is a resident of Boca Raton, Palm Beach County, Florida. Toms is an attorney licensed to practice law in the State of New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. § 78u(e)(1) and 78aa(a). Furthermore, jurisdiction is based upon 28 U.S.C. §§ 1331m 1337, and 1345.

6. Venue is based on Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a) in that Toms is an inhabitant of and may be found in the Southern District of Florida.

## STATEMENT OF RELEVANT FACTS

7. On February 11, 2015 the Commission, deeming it appropriate, instituted cease-and-desist proceedings against Toms pursuant to Section 21C of the Exchange Act, 15 U.S.C. § 78u-3, based on allegations by the Commission's Division of Enforcement that Toms had violated provisions of the federal securities laws. *In the Matter of Nicholas Toms*, Securities Exchange Act Release No. 74261, Admin. Proc. File No. 3-16384 (February 11, 2015) (the "Order Instituting Proceedings"). A copy of the Order Instituting Proceedings is attached as Exhibit 1.

8.      Toms submitted an Offer of Settlement of the cease-and-desist proceeding, and the Commission determined to accept Toms' Offer of Settlement and entered an Order Making Findings and Imposing a Cease-and-Desist Order Pursuant to Section 21C of the Securities Exchange Act of 1934.  *In the Matter of Nicholas Toms*, Securities Exchange Act of 1934 Release No. 76194, Admin. Proc. File No. 3-16384 (October 19, 2015) (the "Commission Order").  A copy of the Commission Order is attached as Exhibit 2.

9.      Based upon Toms' Offer of Settlement, in which he neither admitted nor denied the findings in the Commission Order, the Commission found that Toms, while the Chairman, chief executive officer, and president of DecisionPoint Systems, Inc. ("DecisionPoint"), a public company, owned and sold millions of shares of DecisionPoint's stock through a nominee and concealed it from investors.  Specifically, from November 2009 through at least mid-2004, Toms beneficially owned and sold more than 2.3 million shares of DecisionPoint's stock, using his long-time secretary as a nominee on an account that Toms controlled.  Toms concealed his true stock ownership and sales from the company, which consequently made materially false filings with the Commission.  Finally, Toms defrauded investors through these false filings, which materially understated Toms' ownership of DecisionPoint's stock and which led investors to believe that Toms was increasing this stock position when, in fact, Toms, the company's top officer, was selling substantial amounts of the company's stock.

10.     The Commission Order found that by such conduct Toms had violated, and had caused DecisionPoint's violation of, Section 10(b) of the Exchange Act, 15 U.S.C. § 77j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, which make it unlawful for any person, directly or indirectly, to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or to engage in any act,

practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

11. Based upon the finding that Toms' conduct had violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, the Commission Order:

   a. Pursuant to Section 21C of the Exchange Act, 15 U.S.C. § 78u-3, ordered that Toms cease and desist from committing or causing any violations and any future violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

   b. Pursuant to Section 21C(f) of the Exchange Act, 15 U.S.C. § 78u-3(f), prohibited Toms, for five years following the date of the Commission Order, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

   c. Ordered Toms, within 10 days of the Commission Order, to pay disgorgement of $85,918, which represents profits gained as a result of Toms' conduct described in the Commission Order, and prejudgment interest of $16,953.40; and

   d. Ordered Toms, within 10 days of the Commission Order, to pay a civil money penalty of $175,000.

12. Toms has failed, refused, and neglected to pay any portion of the disgorgement, prejudgment interest, and civil money penalty as directed by the Commission Order, and the same remains due and owing, together with additional prejudgment interest pursuant to Rule 600 of the

Commission's Rules of Practice, 17 C.F.R. § 201.600, and interest on the civil penalty pursuant to 31 U.S.C. § 3717.

## CLAIM FOR RELIEF

13. Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

> Upon application of the Commission the district courts of the United States … shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this title, the rules, regulations, and orders thereunder….

14. This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

15. Under these provisions, the Commission "may ... seek ... 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011). These provisions vest the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

16. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

17. In such proceedings Toms may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

## **DEMAND FOR RELIEF**

WHEREFORE, the Commission respectfully requests:

1. That the Court enter a Judgment enforcing the Commission Order by requiring Toms to pay disgorgement, prejudgment interest, and the civil money penalty, and in addition awarding additional prejudgment interest from the date of the Commission Order to the date of the entry of judgment as to disgorgement and interest from the date of the Commission Order to the date of the entry of judgment pursuant to 31 U.S.C. § 3717 on the civil money penalty.

2. That in the event that Toms does not make payment following entry of Judgment, that the Court order such relief as may be necessary for the enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law, and for the for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308, and for the payment of postjudgment interest pursuant to 28 U.S.C. § 1961.

3. That the Court retain jurisdiction as appropriate to assure and effect compliance with the Judgment and any orders entered herein.

4. That the Court order such other and further relief as may be just and proper.

Dated: January 20, 2016                Respectfully submitted,

ANDREW M. CALAMARI,
Regional Director

/s/ John J. Graubard
JOHN J. GRAUBARD
Senior Trial Counsel
S.D. Florida Bar No. A5501682
E-mail:        graubardj@sec.gov
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10218-1022
Tel.:   212-336-0084        Fax:   212-336-1323
Attorney for Plaintiff
Securities and Exchange Commission